## HERBERT *v.* BICKNELL.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 269. Submitted March 12, 1914.—Decided April 6, 1914.

The Hawaiian Supreme Court having held that leaving a copy of the summons at the place where defendant last had stopped amounted to leaving it at his usual abode within § 2114, Rev. Laws of Hawaii, this court will not disturb the judgment.

The law assumes that property is always in the possession of its owner in person or by agent, and proceeds on the theory that its seizure will inform him not only that it has been taken into custody but that he must look to any proceeding authorized by law upon such seizure for its condemnation and sale; and so *held* that an attachment and judgment under § 2114, Rev. Stat. Hawaii, does not on account of its provisions for service of the summons by leaving it at his last known place of abode deprive a non-resident of any rights guaranteed by the Fifth Amendment. *Pennoyer* v. *Neff*, 95 U. S. 714.

The existence of a garnishment statute is notice to the owner of claims that he must be ready to be represented in case the debt is attached.

In this case, as the defendant whose property was attached under § 2114, Rev. Stat. Hawaii, had knowledge of the attachment and judgment before the time for writ of error to the Supreme Court of the Territory had expired, he should have pursued that remedy and not suffered default and attempted to quash on the ground of want of due process in the service.

20 Hawaii, 132, affirmed.

THE facts, which involve the validity of a judgment rendered by the courts of Hawaii and based on service of process under § 2114, Rev. Law of Hawaii, are stated in the opinion.

*Mr. William R. Castle, Mr. David L. Withington, Mr. W. A. Greenwell* and *Mr. Alfred L. Castle* for plaintiff in error:

The District Court of Honolulu was without jurisdiction. It is a court of special and limited jurisdiction, and there is no presumption in favor of that jurisdiction. Organic Act, April 30, 1900, § 81; Rev. Laws, 1905, §§ 125, 1662–1666; *Hang Lung Kee* v. *Bickerton*, 4 Hawaii, 584.

Not having acquired jurisdiction either by personal service or by seizure of property, there was no jurisdiction to render judgment against the defendant. Rev. Laws, §§ 2251–2255, 2256.

The existence of property of the defendant within the jurisdiction, in a case like this, is essentially necessary to the exertion of the power of the court to render a binding decree. *Pennoyer* v. *Neff*, 95 U. S. 714; *Chase* v. *Wetzler*, 225 U. S. 79.

The Hawaiian statute as construed by the Supreme Court of Hawaii does not provide for due process of law.

It is only in proceedings strictly *in rem* that the constructive notice resulting from the seizure is sufficient. *Hollingsworth* v. *Barbour*, 4 Pet. 466.

The defendant in garnishment must be notified in time to protect his rights by personal service or some form of substituted service. *Chicago, R. I. & P. R. Co.* v. *Sturm*, 174 U. S. 710.

The proper publication must be made. *Harris* v. *Balk,* 198 U. S. 215; 20 Cyc. 1033, 1048, 1054.

A fundamental condition under the Fifth and Fourteenth Amendments is that there shall be notice and opportunity for hearing given the parties. *Twining* v. *New Jersey*, 211 U. S. 78, 111; *Earle* v. *McVeigh*, 91 U. S. 503.

A lodging house where the defendant is temporarily stopping is not a last and usual place of abode, within the meaning of the statute. *Fitzgerald* v. *Salentine*, 10 Met. 436; *White* v. *Primm*, 36 Illinois, 416; *Hennings* v. *Cunningham* (N. J.), 59 Atl. Rep. 12; *Zacharie* v. *Richards*, 6 Mart. (N. S.) 467; *Wright* v. *Oakley*, 5 Met. 400; *Craig* v. *Gisborne*, 13 Gray, 270; *Missouri Trust Co.* v. *Norris*, 61 Minnesota, 256; 63 N. W. Rep. 634; *Sturgis* v. *Fay*, 16 Indiana, 429; 79 Am. Dec. 440; *Honeycutt* v. *Nyquist*, 12 Wyoming, 183.

Section 2114 is misquoted by the court. The language of the law is that unless the defendant be an inhabitant of this Territory, or has some time resided there, and then a like copy shall be served personally upon him, or left at his last and usual place of abode. *Earle* v. *McVeigh, supra.*

Notice by service on the same day does not fulfill the constitutional requirement. *United States* v. *Fisher*, 222 U. S. 204; *Roller* v. *Holly*, 176 U. S. 399.

No brief was filed for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action of assumpsit begun on June 30, 1909, in the District Court of Honolulu, by garnishment and leaving a copy of the summons at a place which according to the return was the defendant's last and usual place of abode, he being absent from the Territory. The defendant did not appear and the plaintiff got judgment against the fund on July 2, 1909. No appeal or writ of error was

taken, but on December 31, 1909, the time for suing out a writ of error not having expired, the defendant appeared specially and moved to quash the service and set aside the judgment on the ground that the record showed that there was not sufficient service upon him to comply with the Fourteenth Amendment and the laws of Hawaii. The motion was accompanied by an affidavit to the effect that the defendant had changed his domicil to Australia before the beginning of this suit, that he had returned and lived for a month in January and February, 1909, at the place where the summons was left, and then had gone back to Australia; and that his last and usual place of abode (before his change of domicil, as we understand it), was at Waikiki. The District Court overruled the motion and its judgment was affirmed by the Supreme Court.

The argument for the plaintiff in error assumes a wider range than is open upon this motion. The Supreme Court says that the question whether the evidence was sufficient to support the judgment cannot be raised in this way, and we should follow the decision even if it seemed less obviously reasonable than it does. *Montoya v. Gonzales,* 232 U. S. 375, 376. Moreover, the only errors assigned here are in holding that the service prescribed by § 2114, Rev. Laws of Hawaii as construed by the court, and that leaving a copy of the summons as above stated after garnishment of a debt due to the defendant, were sufficient to meet the requirements of the Fifth Amendment; (the court having assumed that the defendant referred to the Fifth when he mentioned the Fourteenth in his motion below).

The Supreme Court was of opinion that, if the question was open, leaving a copy of the summons at the place where the defendant last had stopped was leaving it at his last and usual place of abode within § 2114. On that point we see no sufficient reason for disturbing the judgment. *Phœnix Ry. Co. v. Landis,* 231 U. S. 578, 579. Really the only matter before us that calls for a word is

the decision that a judgment appropriating property within the jurisdiction to payment of the owner's debt, which would be good if the property itself were the defendant, is not made bad by the short and somewhat illusory notice to the owner. Upon this point the court below relied upon the above § 2114 and *Pennoyer* v. *Neff,* 95 U. S. 714, 727: "The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that the seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceeding authorized by law upon such seizure for its condemnation and sale." It has been said from of old that seizure is notice to the owner. *Scott* v. *Shearman,* 2 W. Bl. 977, 979. *Mankin* v. *Chandler,* 2 Brock. 125, 127. See *Cooper* v. *Reynolds,* 10 Wall. 308, 317.

Summons of the defendant's debtor by garnishment is given like effect in express terms by § 2114. "Such notice [i. e. service on the garnishee] shall be sufficient notice to the defendant to enable the plaintiff to bring his action to trial unless the defendant be an inhabitant of this Territory, or has some time resided therein, and then a like copy shall be served personally upon him, or left at his last and usual place of abode." This statute was in force, no doubt, before the debt garnisheed was contracted and gave the defendant notice that he must be ready to be represented in order to save a default if the debt was attached. If he had appeared, nothing shows that proper time would not have been allowed to produce evidence at the trial. The District Court has jurisdiction over small debts only. Rev. Laws of Hawaii, § 1662. Its proceedings naturally are somewhat summary. It appears that the defendant had knowledge of the action before the time for a writ of error had expired and when it may be that it still would have been possible to set aside the judgment and to retry the case. He did not adopt the course that

would have opened effective ground of attack even as the record stood. We cannot discover that he has suffered any injustice—still less that he has been subjected to an unconstitutional wrong.

*Judgment affirmed.*