No. 20,776.

EDGAR L. TERRY, *Appellant,* v. GEORGE E. MILLER et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. NONRESIDENT MINORS—*Publication Service—Title—Lands in Another State—Effect of Judgment.* In an action against nonresident minors, where the only service obtained is by publication, no judgment can be rendered by any court in this state that will affect the title of the minors to land situated in another state.

2. SAME—*Misconstruction of Will—Effect on Minor's Interest in Lands.* Relief will not be granted against a mistake in the construction of a will where that relief must be given at the expense of minors, bene-

ficiaries under the will, who had nothing to do with the mistake and whose interests can not be adequately protected by any judgment that the courts of this state can render.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed April 7, 1917. Affirmed.

*W. P. Hackney, L. D. Moore,* both of Winfield, and *J. T. Lafferty,* of Kansas City, Mo., for the appellant.

*J. E. Torrance,* of Winfield, for the appellee; *O. W. Torrance,* of Winfield, of counsel.

The opinion of the court was delivered by

MARSHALL, J,: This case comes to this court on an appeal from a judgment sustaining a guardian *ad litem's* demurrer to the plaintiff's petition.

The action arises out of the will discussed and construed in *Williams v. Bricker,* 83 Kan. 53, 109 Pac. 998, and in *Bullock v. Wiltberger,* 92 Kan. 900, 142 Pac. 950.

The petition discloses the following: Lenora A., Helen F., and Frank L. Wiltberger are minor children of Frank L. Wiltberger, deceased, and are residents of McHenry county, Illinois. Stella and Dale E. Wiltberger are minor children of Walter O. Wiltberger, deceased, and reside in Dekalb county, Illinois. Charles L. Wiltberger died in Cowley county, Kansas, and at the time of his death owned the northwest quarter of section 25, in township 32 south, of range 3 east. He left surviving him his widow, Emorette A. Wiltberger, and their children, Ella L., Dora A., Frank L., and Walter O. Wiltberger. Charles L. Wiltberger left a will which was duly probated in Cowley county. The parts of this will material to the present controversy are as follows:

"After the death of my said wife, it is my will that all of my property, both personal and real, wherever situated, being at present in the State of Kansas, Illinois and South Dakota, shall be divided equally among my four children, namely: Walter O. Wiltberger, Ella A. Wiltberger, Frank L. Wiltberger and Dora A. Wiltberger.

"If any of my said children shall die before my wife, Emorette A. Wiltberger, then it is my will, that the share which would go to my deceased child or children, if living, shall be divided among his or her children in equal parts; and if any of said children shall die without issue, prior to the death of my said wife, then it is my will that his or her

share shall be divided equally among my children then living, or if any of them be dead, then, his or her share, equally among their children."

Ella L. and Dora A. Wiltberger were single at the time of the death of Charles L. Wiltberger, while Frank L., and Walter O. Wiltberger were then married. February 15, 1905, Emorette A., Ella L., Dora A., Frank L., and Walter O. Wiltberger executed and delivered a general warranty deed, conveying the northwest quarter of section 25, in township 32 south, of range 3 east, in Cowley county, to George E. Miller; and on March 30, 1905, George E. Miller and his wife executed and delivered a general warranty deed conveying that real property to the plaintiff. At the time these deeds were executed and delivered all the parties believed that under the will the Wiltbergers, grantors in the deed to George E. Miller, had perfect right to, and that their deed did, convey a fee simple title to the real property. H. T. Trice, a real estate agent, acted as agent for the Wiltbergers in making the sale to George E. Miller, who was an employee of H. T. Trice and to whom the deed was made for convenience. Ten thousand and four hundred dollars was paid to the Wiltbergers for the land. This money, together with other money received from the sale of the other property devised by the will, was invested in land in McHenry county, Illinois. The deed conveying the Illinois land to the Wiltbergers, contained the following provisions:

"It is expressly understood and agreed that the respective interests which the several grantees above mentioned shall take hereunder is as follows: Emorette A. Wiltberger is to have a life estate so long as she may live and during her lifetime is to have control and enjoy the possession, income, rents, profits and all emoluments of said real estate so long as she may live and the said Walter O. Wiltberger, Ella L. Wiltberger, Frank L. Wiltberger and Dora A. Wiltberger shall have the remaining fee title in and to said real estate, subject only to the life estate of their mother, Emorette A. Wiltberger, their respective interests being equal, each of them taking the undivided one-fourth interest in said remaining fee title, but in the case of the death of any of said four last named grantees before the death of their mother, Emorette A. Wiltberger, without leaving living issue, then his or her share shall be divided equally among the remaining last named grantees."

After the Illinois land had been purchased, Frank L. and Walter O. Wiltberger died, leaving their wives and the minor children above named. In September, 1915, Emorette A., Ella L., and Dora A. Wiltberger commenced a suit in equity

Terry v. Miller.

in the circuit court of McHenry county, Illinois, to determine the interest of the widows of Frank L. and Walter O. Wiltberger and of their minor heirs in the Illinois land, and to compel the minor heirs to elect whether they would take the Illinois land conveyed by the deed or the Kansas land devised by the will. That suit is still pending and undetermined. The estate of Walter O. Wiltberger is in process of administration in Dekalb county, Illinois.

The plaintiff asked equitable relief. To the petition, the guardian *ad litem* for the minor defendants filed a demurrer, which was sustained by the court. Service was made .on the minors by publication.

1. The first .question for consideration is the extent of the jurisdiction of the district court of this state over the minor defendants. The land conveyed to the plaintiff is situated in this state, and over that land and over the title of the minor defendants thereto the trial court had jurisdiction; but it had no jurisdiction of the persons of the minor defendants, and could not render any judgment that could be carried into execution only by exercising authority over their persons. The jurisdiction of the trial court was limited to the control of the title to the Kansas land. That court could not render any judgment or order which directly or indirectly affected the title of the minor defendants to the Illinois land, because such a judgment could be carried into execution only by exercising power or authority over the persons of the minors. (*Iles v. Elledge,* 18 Kan. 296; *Gordon v. Munn,* 87 Kan. 624, 125 Pac. 1.) This power or authority can not be exercised on service by publication. There must be personal service on the minors. The guardian *ad litem* had no authority to give the trial court jurisdiction over the persons of his wards by entering a general appearance for them. Jurisdiction over the interests owned by the minors in the land in this state was obtained by publication, and the authority of the court was not extended by anything the guardian *ad litem* did.

2. Does the petition state a cause of action against the minor defendants—such a cause of action as will justify the courts of this state in rendering any judgment that affects the minors' title to the Kansas land? They were not in any way responsible for the mistake of the adult Wiltbergers or of

Miller or the plaintiff. The parties to the conveyances of the Kansas land, together with their attorneys, misconstrued the will. They made a mistake. If they were the parties and the only parties to this action, the court would be warranted in granting, and probably should grant, such relief as would protect the plaintiff; but the courts should not grant relief to the plaintiff where that relief will deprive the minor defendants of the property devised to them by their grandfather.

The courts of this state can not compel the minor defendants to elect between the Kansas land and the Illinois land. There is no power in this state, after depriving the minors of their title to the Kansas land, that can protect them in their title to the Illinois land.

Relief can not be granted the plaintiff without arbitrarily depriving the minor defendants of their interest in the Kansas land. This should not be done. The plaintiff is compelled to resort to his action against the grantors in the deeds, or to seek a remedy in a court that has jurisdiction of the persons of the minor defendants.

The petition did not state a cause of action against the minor defendants.

The judgment is affirmed.