McConnon & Co. v. Richardson et al.

[78 South. 292, Division A.]

1. PRINCIPAL AND SURETY. *Relationship. Construction of contract.*
   Under the contract in this case as set out in its opinion the court held, that the agreement was an original promise on the part of the guarantors or sureties to answer for the debt or default of the principal obligor and that their liability was exactly the same as his. That the promise of the sureties was joint and several with their principal.

2. SAME.

    In a suit on such contract there was no duty resting upon plaintiff
      to allege the insolvency of the principal, since the agreement
      was not as to the solvency of the principal but that the debt
      would be paid.

APPEAL from the circuit court of Smith county.

HON. W. H. HUGHES, Judge.

Suit by McConnon & Co. against Frank P. Richardson, and others. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*B. King* and *A. M. Edwards,* for appellant.

*T. J. Wills,* for appellees.

SYKES, J., delivered the opinion of the court.

The appellant, plaintiff in the court below, brought suit in the circuit court of Smith county against Frank P. Richardson, W. M. Richardson, and M. O. Williams, for the sum of five hundred and eighty-one dollars and twenty-seven cents, and interest.

The declaration alleges that the plaintiff sold certain goods to Frank P. Richardson, as is shown by its itemized account attached to the declaration; that the account is over-due and unpaid; that in accordance with the written agreement attached to the declaration all the defendants are due this sum to plaintiff. The first part of the written agreement is, in brief, an obligation upon the part of the plaintiff in this case to sell the goods to Frank P. Richardson, and an obligation upon the part of Frank P. Richardson to pay for them. After the signatures of the plaintiff and Frank P. Richardson to the above agreement, and constituting a part of the same written instrument, is the following:

"In consideration of the sum of one dollar to us severally in hand paid by McConnon & Co., the receipt whereof is hereby acknowledged, and the execution of

the within agreement by said company and the sale and delivery by it to the party of the second part of its medicines, extracts, and other articles, we, the undersigned, do hereby jointly and severally guarantee the full and complete payment of said medicines, extracts, and other article, at the time and place and in the manner in said agreement provided.

> [Signed] W. M. Richardson.
> "M. O. Williams.

"(Guarantors sign in ink on above lines.)"

To this declaration Frank P. Richardson filed a plea of the general issue. W. M. Richardson and M. O. Williams filed a demurrer thereto, assigning therein the following grounds, viz.:

"(1) Because the said declaration sues these defendants as promisors, when the exhibit thereto shows that they are only guarantors to said contract.

"(2) Because the said declaration shows on its face that the principal debtor has not been declared insolvent and bankrupt, and that if there is any sum of money due by him he has not been proceeded against to judgment, and an execution thereunder had failed to make the amount of the indebtedness.

"(3) Because the declaration fails to show that the plaintiff had been diligent in the collection of its said debt, or that the terms and conditions of its said contract had been complied with.

"(4) Because there is a misjoinder of causes of action.

"(5) Because there is a misjoinder of parties defendant.

"(6) Because the said pleadings show on their face that the plaintiff is not entitled to maintain its aforesaid action against these defendants."

This demurrer was sustained in the circuit court, and, on the plaintiff refusing to plead further, a judgment of dismissal was entered, from which judgment this appeal is prosecuted.

The court erred in sustaining the demurrer and dismissing the cause. While the agreement terms the two demurrants as guarantors, at the same time there is but one written agreement or contract, and that is signed by the principal debtor and the guarantors or sureties. There was no separate guaranty as to the payment of the principal debt, but the entire contract is covered by the one agreement. This agreement is an original promise on the part of the guarantors or sureties to answer for the debt or default of the principal obligor. Their contract and liability are exactly the same as F. P. Richardson's. No breach of the contract can occur as to F. P. Richardson which is not equally a breach as to them. Their promise is joint and several with Frank P. Richardson's. In reality, their contract is one of suretyship. *Cox* v. *Weed Sewing Machine Co.,* 57 Miss. 350; *Wren* v. *Pearce,* 4 Smedes & M. 91.

There was no duty resting upon the plaintiff to allege the insolvency of Frank P. Richardson. The agreement was not as to the solvency of the principal, but that the debt would be paid. *Wren* v. *Pearce, supra.*

*Reversed and remanded.*