Johnson C. Tibbetts, *Appellant*, v. Atwell Olson, John
Tell, Mary Tell, and the heirs, Devisees, Grantees
or Claimants Otherwise Under Either or Both of
the Said John Tell and Mary Tell, and all Unknown
Parties, *Appellees*.

En Banc.

Opinion Filed May 3, 1926.

826

*J. B. Hodges,* for Plaintiff in Error;

*John F. Harrell,* for Defendant in Error.

828

BUFORD, J.—The history of this case is as follows:

"The record in the instant case discloses that the complainant in this cause on the 27th day of October, 1925, filed in the Circuit Court for the Third Judicial Circuit of Florida, in and for Taylor County, in Chancery, his bill of complaint seeking to quiet his title to certain lands in Taylor County, Florida, and the said bill of complaint described one known defendant claiming some unknown interest in the said lands and other defendants shown by the said bill of complaint to be unknown to the complainant.

The said bill of complaint prayed for process of personal service to issue to the known defendant and for an order of publication, service to be directed to the unknown defendants. The solicitors for the complainant swore to the bill of complaint. The bill of complaint set out that the complainant did not know and had not been able to ascertain whether either of the unknown defendants named in the bill of complaint was dead or alive, adult or infant, a resident or non-resident party; and therefore, that it was the belief of the complainant that the said unknown parties and each of them were and was absent, concealed and non-resident. The complainant at the same time of the filing of the said bill of complaint applied to the Clerk of the Circuit Court for an order of publication directed to the said unknown defendants requiring them to appear to the said bill of complaint at a certain time and to show cause why the relief prayed for in the bill of complaint should not be granted. A form of such an order was attached to the said publication and presented to the said Clerk of the Circuit Court. The said Clerk refused to make and enter an order of publication in the form attached and in any form whatsoever, upon the ground that he was not authorized to make such an order upon this bill of complaint. Thereupon the complainant applied to the Judge of the said Circuit Court for an order of publication as prayed for in the application and in the said bill of complaint. The said Court refused the said application upon the ground contained in the order of the said Court as the same appears in the record of this cause. The complainant again aplied to the Clerk of the said Court for such an order of publication. Such order was again denied to the complainant, the said Clerk giving as reason therefor that he possessed no authority for the issuance of such order. Upon the refusal of the Clerk and the refusal of the said

Court to make such order of publication, this appeal is predicated.''

There were three assignments of error, two of which are addressed to the action of the Clerk of the Circuit Court in refusing to make and enter an order of publication in the said cause directed to John Tell, Mary Tell and the heirs, devisees, grantees or claimants otherwise under either or both of the said John Tell and Mary Tell and all parties claiming an interest in the following described lands: The Northeast quarter of the Southwest Quarter of Section Seventeen (17), in Township Three (3), South of Range Seven (7), in Taylor County, Florida.''

This assignment is addressed to the order of the Court made on the 17th day of February, 1926, and it appears in the following language:

''This cause coming on upon application of counsel for the complainant herein for the issuance by this Court of a notice to the defendant named therein, if alive, and if dead, to their unknown heirs, devisees, legatees and grantees, and to all persons claiming any interest in the lands described in the said bill of complaint, their names being alleged in the bill of complainant as unknown, and directing the said notice to be returnable on the 22nd day of March, 1926, and directing said notice to be published in a weekly newspaper published in Taylor County, Florida, for a period of four consecutive weeks, or five insertions, and the same was duly argued by counsel and submitted; and it further appearing to the Court that application for said order of publication has previously been presented to the Clerk of the Circuit Court of Taylor County, Florida, who has also declined to issue the said order of publication, and the Court having fully inspected and examined said order and the application therefor, and the bill of complaint upon which the same is predicated as well as the law upon

which the said suit is brought and being fully advised in the premises, the said application for the issuance of said notice, and order of publication is hereby denied and the Court declined to take jurisdiction of the said cause and the parties thereto for the following reasons:

### First

The Court is of the opinion that the Complainant is predicated on Chapter 10221 of the Acts of Legislature of 1925, and Chapter 10102 of the Acts of 1925, relating to publication of process, and the Court is of the opinion that the Supreme Court of the State of Florida in the case of J. W. Reynolds, petitioner v. W. R. Harrison, a Circuit Judge of the 18th Judicial Circuit, held in effect that jurisdiction of all defendants could not be had as provided by Chapter 10102; and the Court is of the opinion that the amendment to this Act passed by the Legislature at its Extraordinary Session of November, 1925, has not cured the objections raised by the opinion of the Supreme Court. In other words, the Court cannot acquire in this manner jurisdiction of all parties who may be interested in the property involved.

### Second

The bill of complaint does not allege and set forth clearly the character of possession held by the complainant and his predecessors in title, the allegation of possession being merely conclusions.

### Third

The specific defects, clouds and impediments to the title to the complainant are not set forth and alleged in the bill of complaint and the Court is of the opinion that these should be definitely set forth and alleged, so that the Court might have jurisdiction to properly determine the validity or invalidity of such defect.

### FOURTH

The prayer of the Bill of Complaint for the relief sought is general in its nature and simply asks for a general decree quieting title, etc., and cancelling all clouds, and the Court is of the opinion that a general decree cancelling supposed clouds would be nugatory, and the clouds must not only be shown in the Bill of Complaint, but must be specifically referred to and cancelled by the decree of the Court, if such decree is to be effectual.

### FIFTH

The Court is further of the opinion that the several acts upon which the Bill of Complaint is predicated are unconstitutional in that they do not lawfully give the Court jurisdiction to remove the interest of infant and other classes under legal disability and does not provide for the removing of dower interests of a married woman.

### SIXTH

The Bill of Complaint and particularly as the unknown residence or named defendants is based upon information and belief, whereas the law required such allegations to be positive.

### SEVENTH

It is doubtful to the Court whether the Bill of Complaint can be properly sworn to by counsel, or whether it must be verified by the Complainant himself.

### EIGHTH

The law which purports to authorize the filing of Bill in this case does not definitely determine when or by whom decree Pro Confesso may be entered and the absence of this being fixed in the Statute, the Court is doubtful whether a valid decree Pro Confesso can be entered at all and therefore, in case of failure of defendants to appear, the Court could not acquire jurisdiction of the parties.

### Ninth

The Bill of Complaint does not refer to each one of the unknown defendants as being unknown, but simply alleges the names and residence of the parties, etc., being unknown.

### Tenth

The absent, concealed and non-residence of certain of the defendants is alleged wholly upon belief, whereas the law required this to be alleged in positive terms.

### Eleventh

The Defendants as named in the Bill of Complaint and in the order of publication are not the same.

### Twelfth

The heirs, devisees, grantees or other claimants under certain parties are not so referred to in the prayer for relief, but there has been put in that prayer a general prayer for relief against the named parties and then any one claiming under them in any manner, a decree following this general prayer in the opinion of the Court would be nugatory.

### Thirteenth

Known and living Defendants are joined in the order of publication and in the Bill of Complaint along with wholly unknown parties and subpoena is prayed for such known Defendants The law does not authorize thus joining these classes of Defendants.

It is therefore, ordered and adjudged that the application for said notice of publication be and the same is hereby denied.

This 17th day of February, 1926.''

This case might very properly be disposed of by consideration only of the third (3rd) ground upon which the Court declined to make the order of publication. It appears, however, that many important questions are pre-

sented by the contents of the order of Court here complained of and that this Court may render a valuable service to the Bench and Bar of the State of Florida by considering each of the reasons ascribed by the Chancellor in refusing to make the order of publication and therefore we shall take each section of the order here referred to and deal with the same as separate grounds upon which the appeal is based.

Ground number one of the order is based upon the opinion of the Chancellor that the statutes of this state do not provide for service by publication to be effected in the instant case by publication of the notice in a newspaper published in the County once each week for four consecutive weeks prior to the return day named in the notice.

If a Bill of Complaint filed for the purpose of procuring an adjudication as to clouds upon the title alleges sufficient facts to present a justiciable matter to a Court of competent jurisdiction and therein it is shown that the complainant is entitled to an order of publication or notice to appear under the laws of Florida, the provisions of Section One of Chapter 10102 Acts of 1925 as amended by Senate Bill No. 86, Laws of Florida, approved November 30th, 1925, apply and constructive service of process in such cases may be had upon or against "any defendant, party or persons, natural or artificial, whether such defendant, party or person be adult or infant, known or unknown, dead or alive, absent, concealed or non-resident and whether such defendant, party or person be stated to be a resident of this State or of some other State or of some territory or possession of the United States or of the District of Columbia or of some foreign State, Kingdom or Country, and whether the residence of any such defendant, party or person be stated as known or unknown, such order of publication or notice to appear shall require such

defendant, party or person to appear upon a day (whether a rule day or otherwise) to be named in the order of publication, not less than twenty-eight days nor more than sixty days from the date of the making of the order.''

A complainant in a suit in Chancery for the quieting of, or clearing a cloud from, title is entitled to an order of publication or notice to appear when he has filed a Bill of Complaint sworn to by himself, his agent or attorney alleging such facts as will entitle him to relief in a Court of Chancery, and when the Bill of Complaint meets the requirements of Section Three (3) of House Bill No. 296, Laws of Florida, approved November 30th, 1925, which is as follows:

''The complainant shall set forth in his bill of complaint his claim of title and the names and places of residence of all persons interested in the land, so far as known to the Complainant or he can ascertain by diligent search and inquiry, and where the names of persons interested or the places of residence are unknown and have not been ascertained after diligent inquiry the bill shall so state, and in all cases shall be sworn to; and where the names and places of residence of persons in interest are given they shall be made parties defendant; and where the bill shall show parties interested who are unknown to the complainant and that he has made diligent search, and inquiry for their names and could not obtain them, all persons interested may be made defendants by a notice addressed 'To all persons having or claiming any interest in the following described lands (here describing lands).' If the complainant shall allege in his sworn bill that he does not know and has not been able to ascertain by diligent search and inquiry whether any defendant be dead or alive, the above notice may also be addressed to such person 'if alive, and if dead to his unknown heirs, devisees, legatees, or gran-

tees.' The notice in such cases shall state the nature of the suit and require the appearance of all parties in interest on the return day to be fixed in said notice at not less than four weeks from the date of the first publication of the notice. The said notice shall be published once a week for four consecutive weeks in a newspaper having general circulation in the county where the suit is brought, if there be one, and where there is no newspaper in said county the notice shall be posted in three conspicuous places in said county, one of which shall be at the front door of the county Court House and one of which shall be upon some portion of the land involved in the suit, and proof of such posting shall be made by affidavit of the person or persons posting the same. The Clerk shall make and enter an order for publication of said notice, and shall cause the same to be published as aforesaid, and the costs thereof shall be taxed as other costs, and proof of such publication shall be made by affidavit of owner, publisher, proprietor, editor, business manager or foreman of the newspaper in which said notice was published, and such affidavit shall set forth specifically the date of each publication of said notice, and shall have attached thereto a copy of said notice, and the same shall be recorded in the Chancery Order Book of the Court in which the suit is pending. If the place of residence of any non-resident defendant shall be stated in the bill of complaint the clerk shall mail a copy of said notice, postage prepaid by United States mail, to each such defendants, and shall make an entry on the docket showing to whom, where and the date, each of such notices were mailed, for which he shall receive as costs the sum of twenty-five cents for each notice so mailed and entered as aforesaid.''

All known and unknown defendants should be named or referred to in the notice but it appears to have been the

legislative intent not to eliminate the necessity of personal service of subpoena upon known defendants residing within the State of Florida. Therefore while the notice is required to be addressed to all persons having or claiming an interest in the property, the publication thereof will not be deemed to give the Court jurisdiction of those persons who under the allegations of the Bill could by the exercise of due diligence, be personally served by subpoena or summons within the State. Such notice however when made in accordance with the provisions of Section One of Chapter 10102 as amended; or in accordance with Section Three (3) of House Bill No. 296, Chapter 11383, Laws of Florida, approved November 30th, 1925, will be deemed and held to constitute constructive service on all defendants except those known defendants residing within the State of Florida and whose place of residence in this State is known.

To remove clouds upon title and to quiet title to real estate is a proper subject of Equity Jurisdiction.

Sloan v. Sloan, 25 Fla. 53, 5 So. 603; Clem v. Merserola, 44 Fla. 191, 32 So. 783, Hughey v. Winborne, 44 Fla. 601, 33 So. 249, Brecht v. Bur Ne Company—Fla.—Opinion filed this term.

Statutes may authorize the service of process by publication but to effect such service the statutes must be strictly complied with.

Shrader v. Shrader, 36 Fla. 502, 18 So. 672, Reynolds v. Harrison, Florida, opinion filed this term.

The second ground of the order is addressed to the sufficiency of the allegations of the Bill concerning complainant's possession of the real estate. The allegation that the complainant "is in the actual possession of the real estate" is sufficient as an allegation of possession.

The complainant alleges in his Bill fee simple title in himself and follows this with a delineation of his claim of title

from the United States Government to himself and alleges continuous, open and notorious possession under his conveyance for a period of more than seven years. This constitutes sufficient allegations of title.

The third ground of this order is addressed to that part of the Bill attempting to allege defects or claims constituting the cause of action.

The allegations of the Bill in this regard are as follows:

"And your orator would further show unto your Honor that because of such actual, open, notorious, exclusive and continuous adverse possession of the said lands for a period of time of more than Seven years, claiming title unto the conveyance as aforesaid, in fee simple, your orator is the owner of the said lands in fee simple as aforesaid; but that notwithstanding such ownership of your orator, the record title of your orator is not clear and there appears upon said title a cloud, which said cloud exists by reason of the claims of the Defendants named in this Bill; but your orator would show your Honor that the claims of the said Defendants are invalid and of no effect, and that the said Defendants or either of them have no right to, or interest in the said lands."

These allegations are entirely insufficient to constitute grounds for equitable relief.

The Bill does not describe the right, title or interest claimed by any one. It does not set forth basis for a claim of title or claim of interest adverse to the of complainant. It does not allege any fact or condition which could constitute the basis for the claim of an adverse title or interest.

Section 3213 Revised General Statutes of Florida provides: "Courts of Chancery in this State shall entertain suits by any person or corporation claiming to own any tract or parcel of land or portions thereof, or by two or more claiming to own the same tract or parcel or portion

thereof, under a common title against all persons or corporations more than one, occupying or claiming title to said tract or portions thereof adversely to the complainant or complainants, whether the defendants claim or hold under a common title or not; and in such suits shall determine the title of the complainant or complainants, and each of them, as against the defendants, and each of them shall make a decree quieting the title of, and awarding possession to, the complainant or complainants entitled thereto; and may award injunctions, temporary or perpetual, appoint receivers, and make such orders as to costs as may be necessary for the protection of the rights of the parties.''

. Section 3213, Revised General Statutes of Florida, as amended by Chapter 10223, Laws of Florida, Acts 1925, provides: ''A bill in equity may be brought and prosecuted to a final decree by any person or corporation, whether in actual possession or not, claiming title, legal or equitable, to real estate against any person or corporation not in actual possession, who had, appears to have or claims an adverse estate, interest, or claim, legal or equitable, therein, for the purpose of determining such estate, interest, or claim and quieting or removing clouds from the title to such real estate.

''It shall be no bar to the granting of relief to the complainant in such cases that the title has not been litigated at bar or that there may be only one litigant to each side of the controversy, or that the adverse claim, estate or interest against which such bill is brought is void upon its face, or though not void on its face, requires evidence, extrinsic of itself, to establish its validity.''

The enactment into law of House Bill No. 296, approved November 30th, 1925, which provides: ''Courts of Chancery in this State shall entertain suits by any person or

corporation claiming title to any tract or parcel of land, or portion thereof, or where any two or more are claiming to own the same land or any portion thereof, under a common title, against all persons or corporations claiming title to said land adversely to complainant whether defendants claim or hold under a common title or not; and in said suits shall determine the title of the complainant and may make decrees quieting and confirming the title, and awarding possession to party or parties entitled thereto.'' And also, ''Whenever a person or corporation, not rightful owner of any real estate shall have any conveyance or other evidence of title thereto, or shall assert to any claim, or pretend to have any right or title thereto which may cast a cloud, doubt or suspicion on the title of the real owner, or whenever any person or corporation is the true and equitable owner of any real estate, the record title to which is not in said person or corporation, because of the defective execution of any deed or mortgage by reason of the omission of a seal thereon, the lack of witnesses, or any defect or omission in the wording the acknowledgment of a party or parties thereto, where such person or corporation claims title thereto, by, through or under such defective instrument and such defective instrument was from the apparent purpose thereof made and delivered by grantor therein to convey or mortgage such real estate and was spread upon the proper record in the County wherein such real estate lies, or where possession of any such real estate has been held by any person or corporation adverse to the record owner thereof or his, her or their heirs and assigns until such adverse possession has ripened into a good and sufficient title under color of title, or without color of title under the statutes of this State, such person or corporation may file a bill in equity in the Circuit Court of any county in which any part of the real estate is situated to have such conveyance or other evidence of claim or title cancelled and such cloud,

doubt or suspicion removed from such title, and or to have his title established, quieted and confirmed, whether such real owner be in possession or not, or be threatened to be disturbed in his possession or not, and whether the defendant or defendants be resident in this State or not, and whether the title thereto has been litigated in a court of law. or not, or whether the adverse claim or title or interest is void on its face or not, or if not void on its face may require evidence extrinsic of itself to establish its validity." But the nature of the remedy has not been changed by this statute and the rules of pleading applicable to such actions must be observed. The Bill of Complaint must allege those facts which show that the complainant is in that position contemplated by the statutes or entitling him to equitable relief; and the cloud upon the title must be specifically alleged, if it is claimed a cloud exists, or if a mere claim of interest is complained of, then the facts constituting the basis of such claim must be alleged and validity or invalidity of either must be shown, otherwise there can be no justiciable matter presented to the Court.

Brickell v. Trammell, 77 Fla. 544, 82 So. 221, and cases there cited.

Brecht v. Bur-Ne Company, Florida opinion filed this term, and cases there cited.

Welburn v. Pierce, 75 Fla. 667, 78 So. 292.

The Fourth ground of the order is addressed to the sufficiency of the prayer of the bill. The prayer is as follows: "INASMUCH, THEREFORE, As your orator is without relief in the said premises, save and except in a Court of Equity where alone such matters are remedial, your orator prays your Honor to take jurisdiction of this cause, of the subject matter thereof and of the parties thereto, and that your Honor require the appearance of the said parties before this Court; and that your Honor require such evidence of the said parties as to your Honor may seem

proper; and upon due consideration thereof, that your Honor may grant unto your orator a decree that your orator is the owner in fee simple and in the actual, open, notorious, exclusive, continuous, adverse possession of the lands described in the Bill, to-wit:

The Northwest Quarter of the Southwest Quarter of Section Seventeen (17), in Township Three (3) South of Range Seven (7), East, in Taylor County, Florida. And that the title originally conveyed from the United States of America, to Atwell Olson, is vested in your orator and that the defendants, Atwell Olson, John Tell, Mary Tell, and any person or persons claiming in any manner under, through or by either any or all of the said parties, and all unknown persons have no valid claim or interest in or to the said lands adverse to the title and interest of your orator, and that all such claims of the said defendants, or of either, any or all of them are null and void and are of no effect whatsoever, and that all clouds due to such claim or claims and because of the same, are removed, and that the said Atwell Olson, John Tell, and Mary Tell and any person or persons claiming interest in the lands described in this Bill in any manner under either, any or all of the said parties, and all unknown persons are forever enjoined from asserting any claim to, or interest in the said lands adverse to your orator, and for such other and further relief in the premises as to your Honor may seem meet and proper.'' It will be observed that the prayer is general and is necessarily indefinite because the allegations of adverse interests or claims are indefinite and are not sufficient to constitute the basis of any specific relief.

Welburn v. Pierce, *supra.*

The fifth ground of the order expresses a doubt as to the constitutionality of the statutes existing in this State purporting to authorize valid decrees against all parties making an invalid claim to interest in or in title to real estate.

"Those who assert the unconstitutionality of a statute have the burden of showing beyond all reasonable doubt the statute inevitably conflicts with some designated provision of the constitution."

Neisel v. Moran, 80 Fla. 98, 85, So. 346.

There is no showing made that the statutes authorizing such decrees are in conflict with any constitutional provision and until such course is pursued the statutes will be assumed to be valid.

The sixth ground of the order is addressed to the objection that the allegations of the Bill as to residence of named defendants and as to the existence of unknown defendants is made upon belief. Section Three of House Bill No. 296, Laws of Florida, approved November 30th, 1925, provides:

"The complainant shall set forth in his bill of complaint his claim of title and the names and places of residence of all persons interested in the land, so far as known to the complainant or he can ascertain by diligent search and inquiry, and where the names of persons interested or the places of residence are unknown and have not been ascertained after diligent inquiry the bill shall so state, and in all cases shall be sworn to."

This however does not change the rule as laid down in the case of Cobb v. Hawsey, 56 Fla. 159, 47 So. 484.

"Where the complainant in a bill in equity believes that there are persons *in esse* but who are unknown to him who are interested in the property involved in such bill, in order to give the Court jurisdiction over such unknown persons, he must state in his *verified bill,* under the provisions of Chapter 5393, Laws of 1905, that he *believes* there are persons interested in the property involved in such suit other than the known defendants whose names are unknown to him."

This rule, however, does not eliminate the necessity of

allegations in the Bill showing the basis or character of the claims of interest, or of title, by such persons against whom process is sought.

The seventh ground of the order questions the propriety of the Bill being sworn to by the Attorney instead of being attested by the oath of the complainant. The statute does not require the allegations to the Bill to be sworn to by the complainant and when all statutes of this State in regard to Constructive Service by publication are considered together it is clear that a Bill of Complaint in such cases may by sworn to by either the complainant, his agent or his attorney. The oath is not a mere formality, however, and should only be made by one who can honestly and truthfully subscribe to the same.

The eighth ground of the order is addressed to the question of authority to enter a decree Pro Confesso.

Where constructive service is had by publication upon a Bill properly sworn to and alleging sufficient facts to give the Court jurisdiction of the parties and of the subject matter, a decree Pro Confesso may be entered by the Court against defendants in default on a proper return day named in the writ or on any date during the continuance of default thereafter; or may be entered by the Clerk of the Court on any rule day after the return day during the continuance of such default.

The ninth ground of the order is "The Bill of Complaint does not refer to each one of the unknown Defendants as being unknown, but simply alleges the names and residence of the parties, etc., being unknown."

If the Bill had stated facts which constitute the basis of the alleged adverse claims of interest or of title then the allegations in the Bill as to the identity of, and the residence of, such claimants being unknown; "and your orator would further show unto your Honor that the names of the said parties are wholly unknown to your orator, and that

"your orator does not know and has not been able to ascertain the names of the said parties; and your orator does not know and has not been able to ascertain the names, ages, or residence of the said Defendants, or either of them. But your orator would show unto your Honor, that it is his belief, that the said parties are absent, and further that it is his belief that the said parties are concealed, and further that it is his belief, that the said parties are non-residents," would have been sufficient as to unknown defendants.

The tenth ground of the order insists that the allegation as to absence, concealment and non-residence of defendants should be stated positively and not merely on belief. This is the correct rule as to known defendants who are absent, concealed or non-resident, but the rule could not possibly apply to a defendant whose identity and place of residence is entirely unknown to the complainant.

The eleventh, twelfth, and thirteenth grounds of the order are addressed to the form of the order of publication. As there was no order of publication made, there is not proper matter before this Court for consideration in this regard. The questions raised, however, are covered in this opinion in the discussion of other grounds of the motion. The thirteenth ground of the order also raises the objection that known and living defendants are joined in the Bill along with wholly unknown parties. This objection is without merit.

Cobb v. Hawsey, *supra*.

The allegations of the Bill of Complaint presents no justiciable matter for the consideration of the Court. There is no equity in the Bill. The allegations contained in the Bill do not meet the requirements of the Statutes to give a Court of Chancery jurisdiction.

Brecht et al. v. Bur-Ne Company, (Florida Opinion filed during this term), and cases there cited.

The order of the Chancellor refusing to grant the application for an order of publication is affirmed.

Affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL AND STRUM, J. J., concur.

WHITFIELD, J., concurring.—The constitution is designed to prescribe and limit governmental powers and to secure individual rights against unlawful invasion by public officers or by private parties. The courts are required to adjudicate rights "by due course of law," the essence of which is that, by appropriate procedure duly prescribed, fair notice and a reasonable opportunity to be heard shall be given to interested parties before judgment or decree is rendered; and statutory regulations that do not afford reasonable notice and hearing before adjudication or before liability is established, operate to deprive persons of organic rights without due process of law, and are inoperative. See Roller v. Holly, 176 U. S. 398, 20 Sup. Ct. Rep. 410; Coe v. Armous Fertilizer Works, 237 U. S. 413, 35 Sup. Ct. Rep. 625; 12 C. J. 1228-1234; 6 R. C. L. 446; 21 R. C. L. 1290; Redman v. Kyle, 76 Fla. 79, 80 South. Rep. 300; Londoner v. City & County of Denver, 210 U. S. 373, 28 Sup. Ct. 708; Browning v. Hooper, — U. S. —, 46 Sup. Ct. Rep. 141; Bratton v. Chandler, 260 U. S. 110, 43 Sup. Ct. Rep. 43. See L. R. A. 1918F, 609, Notes; Iowa Cent. Ry. Co. v. State of Iowa, 160 U. S. 389, 16 Sup. Ct. Rep. 344.

The State has powers of selection and of regulation within organic limitations; and legislative determinations, either as to subjects or as to regulations, made in the due and orderly exercise of the law-making power, are to be regarded as *prima facie* within the wide latitude of authority and discretion accorded to the law-making body, when

the enactment is not patently violative of controlling organic law; yet, the courts are required "by due course of law" to administer "right and justice" as controlled by the constitution, and in appropriate judicial proceedings duly brought by proper parties, such legislative determinations or regulations may, by reference to provisions of the Federal or State constitution alleged to be violated, or by facts duly evidenced or by matters that may be judicially noticed, be shown and adjudicated to be violative of organic law absolutely or as applied to the matters at issue, and therefore inoperative in the case, the burden being upon the attacking party to establish the invalidity of the challenged legislative enactment as it affects justiciable rights in the case.

The State has power to determine by what process and procedure legal rights may be asserted and determined, provided the procedure adopted as applicable to the particular case does not arbitrarily and unjustly discriminate so as to deny to a party the equal protection of the laws, and does afford reasonable notice and a fair opportunity to be heard before rights are decided, so as not to deprive any person of life, liberty or property without due process, in violation of organic law. See 12 C. J. 1230; Herbert v. Bicknell, 233 U. S. 70, 34 Sup. Ct. Rep. 562; Rogers v. Peck, 199 U. S. 425, 26 Sup. Ct. Rep. 87; Iowa Cent. Ry. Co. v. State of Iowa, 160 U. S. 389, 16 Sup. Ct. Rep. 344; 6 R. C. L. 428, 446, 450; State of Washington ex rel. Oregon R. & Nav. Co. v. Railroad Commissioners of State of Washington, 244 U. S. 510, 32 Sup. Ct. Rep. 535; Louisville & N. R. Co. v. Schmidt, 177 U. S. 230, 20 Sup. Ct. Rep. 620.

"It is the duty of the owner of real estate, who is a nonresident, to take measures that in some way he shall be represented when his property is called into requisition; and if he fails to do this, and fails to get notice by the ordinary publications which have usually been required in such cases,

it is his misfortune, and he must abide the consequences. Such publication is 'due process of law.'" Huling v. Kaw Val. Ry. & Imp. Co., 130 U. S. 559, text 564, 9 Sup. Ct. Rep. 603; Pennoyer v. Neff, 95 U. S. 714; Goodrich v. Ferris, 214 U. S. 71, 29 Sup. Ct. Rep. 580; 6 R. C. L. 450.

In litigation respecting the title to lands within the jurisdiction of the court, statutes may prescribe constructive service of notice to interested parties, who are unknown or who do not reside within the State, of the pendency of such litigation; and if such notice is appropriate and reasonably informing and of sufficient duration and so published as to be in law reasonably sufficient to afford notice to all who are attentive to their interests in the title to lands that may be litigated, and a reasonable opportunity is given to be heard before rights are foreclosed by adjudication, the organic requirement of due process of law is satisfied even though a party may not in fact have known of the constructive service of notice, since it is the duty of those interested in land titles, whether they reside in the State or elsewhere, to provide for the observance of, and they are bound by, reasonable and adequate notices duly given by appropriate publication fairly made in the locality where the lands are, of litigation affecting such lands. McDaniel v. McElvey, this day decided.

In view of the power of the State in the premises (American Land Co. v. Zeiss, 219 U. S. 47, 31 Sup. Ct. Rep. 200), and of the duty the law imposes upon those interested in lands in the State, whether they reside in the State or elsewhere, to observe the authority of the State affecting the lands (Huling v. Kaw Val. Ry. & Imp. Co., 130 U. S. 559, text 564, 9 Sup. Ct. Rep. 603; 6 R. C. L. 450, and of the present day facilities for communication and transportation, and the time allowed for asserting rights after decree rendered upon constructive service,

it cannot fairly be said, as against the judgment of the lawmaking body, that the nature of the proceedings and of the notice and the period and places of publication required by the statute Chapter 11383, approved November 30, 1925, for constructive service of notice in judicial proceedings as to unknown persons who may claim an interest in lands located in the State and within the jurisdiction of the court, are so uninforming in character and extent of publication as to be reasonable or arbitrary, or so defective in form and substance of notice or procedure, as to deny to any such claimants due process of law in proceedings affecting the lands, even though such claimants may reside in far distant countries. Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct. Rep. 557. See also as to jurisdiction, notice and procedure Security Savings Bank v. California, 263, U. S. 282, 44, Sup. Ct. Rep. 108; Goodrich v. Ferris, 214 U. S. 71, 29 Sup. Ct. Rep. 580; 12 C. J. 1220, 1231-1237; Leigh v. Green, 193 U. S. 79, 24 Sup. Ct. Rep. 390; Hamilton v. Brown, 161 U. S. 16 Sup. Ct. Rep. 585; North Laramie Land Co. v. Hoffman, 268 U. S. 276, text 282, 45 Sup. Ct. Rep. 491; Simon v. Craft, 182 U. S. 427, text 437, 21 Sup. Ct. Rep. 836; Jacov v. Roberts, 223 U. S. 261, 32 Sup. Ct. Rep. 303; Grannis v. Ordean, 234 U. S. 385, 34 Sup. Ct. Rep. 779; Roller v. Holly, 176 U. S. 398, 20 Sup. Ct. Rep. 410; Ballard v. Hunter, 204 U. S. 241, 27 Sup. Ct. Rep. 261; Twining v. State of New Jersey, 211 U. S. 78, 29 Sup. Ct. Rep. 14; Bellingham Bay & B. C. R. Co. v. City of New Whatcom, 172 U. S. 314, 19 Sup. Ct. Rep. 205; Bragg v. Weaver, 251 U. S. 57, 40 Sup. Ct. Rep. 62; Clearwater Mercantile Co. v. Roberts, Johnson, Rand Shoe Co., 51 Fla. 176, 40 South. Rep. 436; 50 L. R. A. 597, Notes; Pankey v. Ortiz, 26 N. M. 575, 195 Pac. Rep. 906, 30 A. L. R. 92; Wells Fargo & Co. v. State of Nevada, 248 U. S. 165, 39 Sup. Ct. Rep. 62; Campbell v. City of Olney, 262 U. S. 352,

43 Sup. Ct. Rep. 559; Sharon v. Tucker, 144 U. S. 535, 12 Sup. Ct. Rep. 720; Ely v. New Mexico & A. R. Co., 129 U. S. 291, 9 Sup. Ct. Rep. 293; Gill v. More, 200 Ala. 511, 76 South. Rep. 453; L. R. A. 1918F 599, 609 Notes; Belcher v. Mhoon, 47 Miss. 613; Bryan v. Kennett, 113 U. S. 170, text 196, 5 Sup. Ct. Rep. 407; 31 C. J. 1120, 1153; 32 Cyc. 469; Terry v. Miller, 100 Kan. 324, 164 Pac. Rep. 151; Continental Gin Co. v. Arnold, 66 Okla. 132, 167 Pac. Rep. 132, 167 Pac. Rep. 613, L. R. A. 1918B 511; 14 R. C. A. 284, 286; Shrader v. Shrader, 36 Fla. 502, 18 South. Rep. 672; Myakka Co. v. Edwards, 68 Fla. 372, 67 South. Rep. 217; West 132 Feet, etc. v. City of Orlando, 80 Fla. 233, 86 South. Rep. 197 Guaranty Trust & Safe Deposit Co. v. Green Cove Springs & M. R. Co., 139 U. S. 137, 11 Sup. Ct. Rep. 512, Herbert v. Bicknell, 233 U. S. 70, 34 Sup. Ct. Rep. 562; Brannon's Fourteenth Amendment, 252, 258; Grannis v. Ordean, 234 U. S. 385, 34 Sup. Ct. Rep. 779; Price v. Winter, 15 Fla. 66; North Laramie Land Co. v. Hoffman, 268 U. S. 276, 45 Sup. Ct. Rep. 491; Hamilton v. Brown, 161 U. S. 256, 16 Sup. Ct. Rep. 585.

As to service of non-resident minors, see Terry v. Miller, 100 Kan. 324, 164 Pac. Rep. 151; Williams v. Westcott, 77 Iowa 332, 42 N. W. Rep. 314; Bryan v. Kennett, 113 U. S. 179, text 196, 5 Sup. Ct. Rep. 407; non-resident insane persons, McCormick v. Paddock, 20 Neb. 486, 30 N. W. Rep. 602; Sturges v. Longworth, 1 Ohio St. 344; 32 C. J. 783.

The title of (Senate Bill No. 86) Chapter 11364, Laws of Florida, approved November 30, 1925, complies with Section 16, Article III of the State constitution, since the subject expressed in the entire title of Chapter 11364 is single and sufficiently comprehensive to include the subject of Chapter 10102, and also the additional matters contained in Chapter 11364, all of which are properly connected with

the subject expressed in Chapter 10102, and are embraced in or properly connected with the broad single subject expressed in the entire title to Chapter 11364, approved November 30, 1925, which title is not misleading.

The provisions of Chapter 11364, relative to constructive service by publication or posting, of process or notice to appear in litigated causes, are sufficient to afford due process of law in a case of this nature. See authorities *supra*.

BROWN, C. J., AND TERRELL AND STRUM, J. J., concur.