SEBRING, Justice.
This is a companion case to Stark v. Marshall, Fla., 67 So.2d 235, wherein this Court affirmed an order of the Circuit Court of Escambia County dismissing a counterclaim filed by the Starks against the plaintiffs and others, in a declaratory judgment proceeding.
Being unsuccessful in their efforts to maintain their counterclaim, the Starks then filed the instant chancery suit, against the plaintiffs in the declaratory judgment proceedings and against the same parties whom they had attempted to bring into the first suit, for the purpose of quieting title to- the lot of land involved.
In the complaint filed by the Starks in the instant case it is alleged that all the boundary lines of the lots in a certain subdivision in Escambia County, known as Pinellas Point Subdivision, fan out in a radial fashion from a common center point; that they, the Starks, are the owners of lot 5 in the subdivision; that lot 6, an adjoining lot to the west of the lot owned by the Starks is owned by the Frayers; and that lot 4, an adjoining lot to the east of the Stark lot, is owned' 'by the Marshalls. It is also alleged that the Starks are in possession of lot 5 and that neither of the defendants is in possession of any part thereof; that the defendants claim indefinitely determinable strips of their respective lot boundaries, and that by such claims the title of the plaintiffs to lot 5 is clouded. The complaint finally alleges that the defendants have refrained from bringing ejectment suits to determine the true boun/lary lines of the lots owned by them, respectively, and that in the companion suit instituted by the defendant Frayer against the Starks, the trial court refused to al *239 low the Starks to bring the Marshalls into the suit to litigate that issue. The prayer of the complaint was that the court determine “That the [Starks] own the title in fee simple absolute to the said lot 5, described as above and with its boundaries based upon the landmarks herein described, and that the [Frayers and the Marshalls] have no right, title or interest in lands lying within the said lot, as determined by said landmarks, courses and distances, and will quiet the the Plaintiffs’ title * * *. ”
The defendants moved to dismiss the complaint on the grounds that it was without equity; that no sufficient cloud oh title had been alleged; and that the plaintiffs had an adequate remedy at law. Tire trial court granted the motion and this appeal followed.
The question on the appeal is whether the complaint wholly failed to state a claim upon which relief could be granted as against the respective defendants in the suit.
As a general rule boundary line disputes should not be settled by equitable proceedings to quiet title. The mere fact that a boundary line is in dispute is not of itself sufficient to confer jurisdiction upon a ■court of equity to settle such an issue. See Annotation 78 A.L.R. 58. Before a court of ■equity will take jurisdiction of such a dispute, there must be shown some additional grounds of distinct equity jurisdiction, superinduced as a general rule, by the act of the party defendant or those through whom he claims. 11 C.J.S. Boundaries, § 99, page 684.
As appears from the complaint, and this court’s record of the proceedings in the companion case, Stark v. Marshall, of which we may take judicial notice, Collingsworth v. Mayo, Fla., 37 So.2d 696, the ap-pellee Frayer, prior to the institution of the instant suit against him, had instituted a legal proceeding in respect to that certain strip of land of which Stark was possessed and had under fence and over which the contest between him and Frayer developed.
In respect to such a situation, the general rule is that an assertion in a judicial proceeding of an adverse claim, even though such a proceeding may have been terminated without a decree on the merits, will constitute a cloud on title which may be removed or confirmed in an equitable proceeding brought for that purpose. Shults v. Shults, 159 Ill. 654, 43 N.E. 800; Annotation 78 A.L.R. 58. And manifestly, if a party is in possession of land upon the title to' which there exists a cloud, “he is entitled to relief in equity because he is not in a position to sue in ejectment at law.” Kooman Florida Chan. sec. 327, etc. We conclude, therefore, that Frayer has quite properly been made a party defendant to the instant suit brought by the Starks to quiet the title to their property, since the very basis for the exercise of jurisdiction in equitable proceedings in such a situation is the inadequacy or unavailability' of a legal remedy to the owner.
The right of the Starks to make the Mar-shalls parties defendant in the suit is quite a different matter. While a valid predicate for relief against the Frayers seems reasonably clear, the same cannot be said as to the right to relief against the Mar-shalls.
It is elementary that in a suit to quiet title against an alleged cloud the complaint must contain sufficient allegations to show a cause of action. Such a complaint must not only show title in the plaintiff to the lands in controversy, but also that a cloud exists, before relief can be given against it. Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity. Tibbetts v. Olson, 91 Fla. 824, 108 So. 679; Brecht v. Bur-Ne Co., 91 Fla. 345, 108 So. 173. All that the complaint states as to the Marshalls is that they claim that they own “an indefinitely described strip on the boundary line of said lot 6” and that “such claims and assertions” cloud plaintiffs’ title.
We do not think this is sufficient to show a “cloud” of which a court of equity *240 should take jurisdiction. “The bill of complaint must allege those facts which show that the complainant is in that position contemplated by the statutes or entitling him to equitable relief; and the cloud upon the title must be specifically alleged, if it is claimed a cloud exists, or, if a mere claim of interest is complained of, then the facts constituting the basis of such claim must he alleged * * * ; otherwise there can be no justiciable matter presented to the court.” Tibbetts v. Olson, supra [91 Fla. 824, 108 So. 686]. See also Welborn v. Pierce, 75 Fla. 667, 78 So. 929; Brickell v. Trammell, 77 Fla. 544, 82 So. 221. And if the suit against the Marshalls rests not upon any claim actually asserted by them, but simply upon what plaintiffs deem to be the necessary result of their controversy with the Frayers, it appears that no “cloud” exists at the present upon his eastern boundary and none can come into being until the determination of the first mentioned controversy.
We conclude that as to the Marshalls, the complaint fails to state a claim for relief, but that as to the Frayers the complaint is not wholly insufficient.
The decree appealed from should therefore be affirmed in part and reversed in part with directions that the cause proceed in court below in compliance with the principles herein stated.
It is so ordered.
ROBERTS, C. J., TERRELL, J., and DAYTON, Associate Justice, concur.