KANNER, Judge.
The chancellor entered an order granting a motion to dismiss the complaint. The object of the relief sought is to quiet title to certain real property. The appeal is interlocutory and emanates from the court’s ruling granting the motion to dismiss.
Essentially, a complaint to quiet title to real property against an alleged cloud upon it should allege sufficient facts to present a justiciable matter to a court of competent jurisdiction. Such complaint should not only show title in the plaintiff to the land in controversy but also that a cloud exists before relief can be rendered against it. Then not only must the matter which constitutes the alleged cloud be shown but facts must be averred which give the claim apparent validity as well as those which show its invalidity. Stark v. Frayer, Fla.1953, 67 So.2d 237; Tibbetts v. Olson, 1926, 91 Fla. 824, 108 So. 679; and Brecht v. Bur-Ne Co., 1926, 91 Fla. 345, 108 So. 173.
In the instant case plaintiff affirmatively alleges title to the land in controversy. He delineates the source and history from which he derived title; he alleges that the defendant pretends to claim an inchoate right of dower, further alleges the basis upon which the defendant grounds her claim, and then sets out what *823 he relies on to establish that no inchoate right of dower exists. We are here confronted only with the ruling as it concerns the sufficiency of the allegations of the complaint. We are not confronted with the adequacy or merit of any defense. When presented, that is a matter which will rest with the trial court for determination.
We conclude that the complaint is sufficient to withstand the attack made by the motion to dismiss, and the cause is thereby reversed for further proceedings in conformity with this opinion and the established rules and practices.
Reversed.
ALLEN, C. J., and SHANNON, J., concur.