PEARSON, Judge.
Appellants were the plaintiffs in the trial court. They appeal from an order dismissing their complaint for declaratory decree. The complaint alleges that the plaintiffs purchased on May 5, 1958, certain real property. The history of the plaintiffs’ title as set forth in the complaint reveals that in February, 1939, title to the' property in question was conveyed by Fred Wilson, joined by a presumed wife, Minnie-Wilson, and that after mesne conveyances, the plaintiffs became the fee-simple owners-in 1958. The complaint continued as follows :
“That the said Fred Wilson, also known as Fred Douglas Wilson, who, with his alleged wife, Minnie Wilson, conveyed to Paul D. Moss the property , described in paragraph one of this complaint, died on April 16, 1955 and said alleged wife caused administration proceedings to be filed in the County Judge’s Court of Dade County and John W. Wright was appointed administrator of said estate.
“That thereafter Victoria Crawford Wilson filed her petition in said court in which she alleged that she was the lawful wife of the said Fred Douglas Wilson; that Minnie was not his wife; that the letters of administration granted to John W. Wright should be revoked; that she should be declared the lawful wife of said Wilson and should be appointed administratrix of said estate; and that on May 16, 1955, said County Judge entered an order in which the said Victoria Crawford Wilson was adjudged to be the lawful, surviving wife of the said Fred Douglas Wilson, deceased, and in which the letters of administration granted to John W. -Wright were revoked and Victoria Crawford Wilson appointed administratrix of the estate of the said Fred Douglas Wilson.
“That'on November 25, 1955, the said Victoria Crawford Wilson filed her election to take dower in the estate of her husband, the said Fred Douglas Wilson, and that on March 4, 1959, the County Judge entered an order for *663 dower in which he adjudged the said Victoria Crawford Wilson was entitled to her dower of one-third part in fee simple in and to the above described property: Lot 3, in Block 1 of said Manhattan park, on the ground that said Fred (Douglas) Wilson, on February 28, 1939, joined by his alleged wife, Minnie Wilson, while he was still married to Victoria Crawford Wilson, conveyed said property and the said Victoria Crawford Wilson did not relinquish her right of dower therein.”
The complaint concludes with the prayer as follows:
“Wherefore, plaintiffs pray that the court resolve the doubt as to whether or not said paragraph 3 of section 731.35 applies to the judgment of dower entered herein on March 4, 1959, and if so, order, adjudge, and decree that said judgment shall not be enforced against the above described property.”
The legislature of the State of Florida amended section 731.35, Fla.Stat., F.S.A., in 1957 by adding the following paragraph, numbered “3”, which reads as follows:
“Any dower interest a widow may have in any realty shall be barred unless, within nine months after the first publication of notice to creditors or three years after death of her husband, whichever first occurs, such widow files and records in the office of the clerk of the circuit court for the county wherein such realty is located, an instrument in writing, signed by her and acknowledged or sworn to by her before an officer authorized to take acknowledgements, evidencing her ■claim of dower right in such realty and properly describing such realty, provided that no such claim shall be barred under this act if such written instrument is filed prior to June 1, 1958.”
This quoted provision of the probate law was repealed by the legislature in 1959 >by Chapter 59-123. It will be noted from the portion of the complaint above quoted that Fred Wilson died on April 16, 1955, and that on May 16, 1955, the county judge entered an order adjudicating Victoria Wilson to be the lawful widow of Fred Wilson. Further, that on November 25, 1955, the said widow elected to take dower. On March 4, 1959, the county .judge entered his order declaring Victoria Wilson to be entitled to dower of one-third part in fee simple in the property involved. The complaint was filed April 15, 1959. The controlling question is whether the action for declaratory decree constituted a collateral attack on the county judge’s order of March 4, 1959.
If the complaint is properly a bill to quiet title to real property, it was error to dismiss. Woodruff v. Taylor, Fla.App. 1960, 118 So.2d 822. But it has been stated that the declaratory decree proceeding is not a substitute for established procedure for review of final judgments and decrees. Nor is it a device for collateral attack upon them. DeMarigny v. DeMarigny, Fla.1949, 43 So.2d 442, 445.
It affirmatively appears from the complaint that the sole doubt expressed by the plaintiff-appellant is whether or not the county judge’s order of March 4, 1959, is void. It is alleged that the county judge’s order specifically allowed dower in the plaintiffs’ property. Section 733.12, Fla.Stat., F.S.A., grants in the county judge the exclusive jurisdiction to set aside the property in which a widow shall take dower. The judgments of the county judge’s court are final upon this determination and are subject to review only in the method and manner provided by the law. It appears settled by the DeMarigny case above cited that a collateral attack on a final decree by suit for declaratory relief is not one of these methods.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.