S. A. HINELY, *Appellant,* v. JOHN K. WILSON, *et al., Appellees.*

En Banc.

Opinion Filed May 3, 1926.

Petition for rehearing denied July 23, 1926.

*R. H. Rowe; I. J. McCall,* and *J. L. Blackwell,* for Appellant.

*John F. Harrell,* and *J. B. Hodges,* Amici Curiae.

STRUM, J.—This is a suit to quiet and remove clouds from title, brought under Chap. 11383, Laws of Florida (House Bill No. 296), approved November 30, 1925.

After filing his sworn bill of complaint, appellant as complainant below, applied to the clerk for the issuance of an order of publication directed to the defendants, the names of some of whom were known, while the names of others were unknown. The places of residence of all defendants were alleged to be unknown to the complainant.

The clerk declined to issue an order of publication, whereupon application was made to the chancellor to issue the order. The chancellor also declined to issue that order, but instead made an order declining to take jurisdiction of the cause, stating in the latter order several reasons for his action, all of which reasons questioned either the validity of the statute above mentioned or the correctness of the complainant's procedure thereunder. This appeal is from the order last mentioned.

The opinion in McDaniel v. McElvy, filed May 3rd, 1926, disposed of all points raised by the chancellor against the statute, as well as the procedure thereunder, with two exceptions, which will now be discussed. See also Brecht v. Bur-Ne Co., opinion filed February 26, 1926, and Tibbetts v. Olson, opinion filed May 3rd, 1926.

The first reason assigned by the chancellor for his order is, in effect, that the title of the Act (House Bill No. 296) is deficient in that it does not comply with Art. 3, Sec. 16, of the Constitution of Florida, which ordains:

> "Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title;  *  *  *".

That portion of the title material to this point is as follows:

> "An Act to provide a method for removing clouds from, clearing and confirming, titles to land, and decreeing possession thereof, by courts of chancery against parties in possession or otherwise, and against defendants, whether known or unknown, providing for a trial by jury in cases where defendant is in actual possession of any part of such land; and providing for service of process by publication once a week for four weeks against unknown defendants  *  *  *".

The contention is that the phrase "*  *  * and providing for service of process by publication once a week for four weeks against unknown defendants  *  *  *" is not broad enough to justify the inclusion in the Act of a provision, found in Sec. 3, for the issuance of constructive process against *known defendants* upon whom personal service could not be made after diligent search and inquiry.

> "If the language of the title, considered with reference to the legislative intent as shown by the purpose and object of the act, may by any fair intendment cover the subject of the act, the courts will not because of an asserted defective title refuse to give effect to any matter contained in the body of the enactment that is germane to or properly connected with the subject of the law, where the title is not so worded as to mislead an ordinary mind as to the real purpose and scope of the particular enactment."

"A wide latitude must of necessity be accorded the legislature in its enactment of law; and it must be a plain case of violating the requirements of organic law as to titles of acts before the courts will nullify statutes or portions thereof as not being within the purpose and scope of the subject as expressed in the title and of 'matter properly connected therewith.'

"If the title of an act fairly gives notice of the subject of the act so as to reasonably lead to an inquiry into the body thereof, it is all that is necessary. The title need not be an index to the contents of the act." Butler v. Perry, 67 Fla. 405; 66 South. Rep. 150. See also Campbell v. Skinner Mfg. Co., 53 Fla. 632; 43 South. Rep. 874; *Ex parte* Pricha, 70 Fla. 265; 70 South. Rep. 406.

Had the title of the act contained no more than "An Act to provide a method for removing clouds from, clearing and confirming titles to land, and decreeing possession thereof, by courts of chancery, and providing for a trial by jury in cases where defendant is in actual possession of any part of such land," it would have been a sufficient title under the rule above announced. The remainder of the title was unnecessary, but unnecessary or superfluous matter contained in the title to an act will not vitiate such title. State v. Bryan, 50 Fla. 293; 39 South. Rep. 929. The means of effecting service upon defendants is incident to the principal purpose of the act, aptly expressed, namely: "To provide a method for removing clouds from, clearing and confirming titles to land and decreeing possession thereof by courts of chancery." There can be no suit of this nature without parties complainant and defendant. The method of effecting service of process upon the defendants is "matter properly connected" with the plainly expressed purpose and object of the act. The title, in its present

form, is not so worded as to mislead an ordinary mind as to the real purpose and scope of the act. The title expressly refers to the bringing of such suits against "defendants, whether known or unknown,"—a notice reasonably adequate to lead an ordinary mind to an inquiry into the body of the act to ascertain the method provided for effecting the service of process upon such defendants. We therefore regard the title to the act as conforming to constitutional requirements.

Another reason given by the chancellor for making the order complained of was:

"Because the prayer as contained in the bill of complaint is general and a decree in accordance with said prayer would be invalid as the Court is of the opinion that the prayer should specifically set forth each defect in the title, giving book and page, and the final decree, if one could be rendered should follow such prayer specifically by reference cancelling the alleged cloud."

The prayer of the bill is as follows:

"The premises considered your orator prays as follows:—That each of the defendants herein may be required to make full, true and correct answer to this your orator's bill of complaint, but not under oath, answer under oath being hereby waived.

That the right, title, interest and claim of each of the defendants herein, in and to the said real estate described in the bill of complaint, may be decreed to be clouds upon your orator's title in and to the said described real estate, and that your orator may be decreed to be the owner in fee simple of the said real estate, and that the title of your orator in and to the said real estate in fee simple may be forever quieted and established by a decree of this court as against the right, title,

interest and claim of each, and all of the defendants herein, and that the alleged claims, rights, title and interest of said defendant herein, as shown and set forth in the bill of complaint may be forever removed therefrom as clouds upon the title of your orator in and to the said real estate described in said bill of complaint.

That the said defendants herein, and each of them, may be forever and permanently enjoined and restrained by a decree of this court from asserting any right, title, interest, claim or demand, of, in, and to the aforesaid lands, and every part and parcel thereof, and from prosecuting, or attempting to prosecute any suit in chancery, or action at law, to obtain the possession thereof, or title thereto, or any interest, or estate therein; and that each of the defendants herein may be required to execute properly acknowledged for record, and deliver to your orator deeds of release, releasing the land herein described from any and all claims on their part respectively, within a short time to be fixed by the court.

And may your orator have such other and further relief in the premises as equity may require, and as to your Honor may seem meet and proper.''

The bill of complaint deraigned title into the complainant, and further contained appropriate allegations showing the existence of a hostile title in the defendants which would constitute a cloud upon the title of the complainant, supposing the latter to be valid. These allegations were sufficient to show the hostile title of the defendants to be within one of the classes of relief afforded by the Act. See McDaniel v. McElvy, decided this term.

Taken in connection with the allegations referred to, the prayer was sufficient. It is unnecessary for the prayer to

again enumerate the several clouds or other matters against which relief is sought, and which have already been once sufficiently alleged in the bill of complaint. Where the complaint sufficiently sets up the facts out of which the equities arise in his favor, and follows such allegations with a prayer for relief which is general in its terms, but which specifically prays relief against the clouds or other matters previously alleged, that form of pleading is sufficient to enable the court to award a decree in accordance with the law and facts, notwithstanding the absence of a specific enumeration in the prayer of the particular clouds against which relief is sought. But the ordinary or conventional prayer for "general relief" which usually forms the conclusion of the prayer to bills in chancery, will not alone satisfy the rule just stated. See Polk v. Rose, 25 Md. 153; 89 Am. Dec. 773; Stewart v. May, 111 Md. 162; 73 Atl. Rep. 460; Katz v. Obenchain, 48 Ore. 352; 85 Pac. Rep. 617; 5 R. C. L. 671.

The final decree rendered, however,—while it must be confined in its scope to the relief sought in the prayer, and matters necessarily appurtenant thereto,—is not necessarily limited as to its form by the language of the prayer. The decree may set forth the relief granted, and may describe the clouds or other matters decreed against, with as much particularity and detail as the chancellor deems necessary or desirable. As an adjudication of the state of the title, the final decree should always be certain and unequivocal, and as general rule it should definitely adjudge, as between all parties to the action, all equities properly put in issue by the pleadings.

It therefore follows that the chancellor erred in declining to take jurisdiction of the cause.

The chancellor was correct, however, in declining to issue the order of publication in the form in which it was tendered by the complainant. The order as tendered did

not "state the nature of the suit," as specifically required by the statute. Such a requirement, in suits of this nature, is essential to due process and must be observed. Pennoyer v. Neff, 95 U. S. 714; 24 L. Ed. 565;21 R. C. L. 1297 (40).

The order appealed from is therefore reversed, and the cause is remanded for further proceedings in conformity with this opinion.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL AND BUFORD, J. J., concur.

### On Petition for Rehearing.

1. Chapter 11383, Laws of 1925, expressly requires that "the notice shall state the nature of the suit." This language contemplates that the required statement shall be contained, either in terms or by apt reference, in the stating portion of the notice, that is, that part which is addressed to the defendants.

A Writ of Error to the Circuit Court of Suwannee County. On petition for rehearing.

Petition denied.

*R. H. Rowe, I. J. McCall,* and *J. L. Blackwell,* for Appellants;

*John F. Harrell* and *J. B. Hodges,* Amici Curiae.

PER CURIAM.—In suits of this nature, it is essential to due process that the notice be of such a character that it will convey information, in a reasonable degree, to interested parties that the suit affects their rights. In other respects, the form and contents of the notice rests within the legislative discretion. 21 R. C. L. p. 1297, and cases cited.

Chapter 11383, Laws of 1925, expressly requires that "the notice shall state the nature of the suit." The form of the order for publication tendered to the chancellor below, and which he declined to issue, contained in the caption thereof, opposite the names of the parties and preceding the body of the notice, the words, "Bill to quiet title, remove clouds and enjoin defendants from asserting any claims to lands." No statement of the nature of the suit appears in the body of the notice itself which follows the caption.

The caption of an order of court is not always an indispensable part of the order. The caption may sometimes be omitted without invalidating the order, where all essentials of the order,—including the names of the parties, the court in which it was made, and the time when it was made,—appear in the body of the order. Lawson v. Spear, 86 N. Y. Supp. 915; Kelly v. Thayer, 34 How. Prac. (N. Y.) 163. And this Court has held that a defective caption may be aided by looking to the body of the notice. West 132 Feet, Etc. v. The City of Orlando, 80 Fla. 233, 86 South. Rep. 197 (on rehearing).

Conceding, without deciding, that the quoted language contained in the caption of this notice would be a sufficient compliance with the general principle of law first hereinabove referred to with respect to the character and essential contents of such a notice, in this instance the statute expressly requires that the *notice* shall *state* the nature of the suit. This language is not merely the equivalent of a requirement that such information "shall appear," or "be found" incidentally to the notice or in connection therewith. The statute requires more than that, and contemplates that the required statement shall be contained, either in terms or by apt reference, in the stating portion of the

824

notice, that is, that part which is addressed to the defend-ants.

Rehearing denied.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.