A bill of complaint was filed in the Circuit Court of Escambia County on behalf of Annie Graham, appellee, for the partition of certain real estate. The bill was sworn to by solicitor for complainant. An order for constructive service was made and published requiring the appearance of the defendants Abner Burton and wife and Julius Burton and wife, they being non-residents of the State. The defendant Gertrude Beverette appeared in the cause and filed an answer to the bill. A decree pro confesso was *Page 564 
entered against the other defendants for failure to appear and answer. In due course a decree for partition of the property was entered awarding to the several parties interested certain shares therein. The appellant, being dissatisfied with the decree, entered her appeal.
"Suits for a partition of real estate shall in all cases be by bill in chancery, and all proceedings, except where herein otherwise provided, shall be as in other cases in chancery" (Section 4994 (3202) Compiled General Laws of Florida, 1927) and "such bill must be sworn to by one or more of the complainants" etc. Section 4997 (3205) Compiled General Laws of Florida, 1927. Our statute contemplates the filing of a bill in the clerk's office before a subpoena in chancery shall issue or an order for publication shall be made. Sections 4891 (3107) and 4895 (3111) Compiled General Laws of Florida, 1927.
If the proceeding in chancery is brought for the partition of real estate, the bill must also be sworn to by complainant. The chancery court has jurisdiction to hear and determine cases involving the partition of real estate, but "in order to confer actual jurisdiction of the particular case, or subject-matter thereof, the jurisdictional power of the court must be invoked by such measures and in such manner as is required by the local law of the tribunal, and can be invoked only by some method known to the law. Before jurisdiction may be exercised there must be a cause legally before the court, which ordinarily requires its presentation by way of a suit, and not merely by agreement, which suit must be commenced in order to enable the court to take any judicial action in the cause in the manner provided for by the statute creating it." 17 Std. Ency. of Proc. 674, 675. See also 15 C. J. 729.
The jurisdiction of the court was not invoked in the *Page 565 
instant case in the manner required by the statute, inasmuch as the bill of complaint was not sworn to by the complainant, but by her solicitor. The cause was therefore not legally before the court.
"Where it is prescribed by statute or rule of court that an affidavit shall be made by the party in person, no one else can make it." 2 C. J. 321. See also Ib. 320.
Even though the fact that the filed bill was sworn to by solicitor for complainant and not by complainant was sufficient to give the court jurisdiction of the complainant and also of the subject-matter (something which we do not decide) it was insufficient to enable the clerk to make an order for publication which would be binding upon nonresident defendants who failed to appear generally in the cause. Here, some of the defendants were nonresidents, against whom decrees pro confesso were entered. We are unwilling to agree that the court had the right under the circumstances to proceed to a final decree adjudicating their rights to the property in question.
The decree is reversed and the cause is remanded with leave to the complainant to bring a new suit without prejudice.