GERTRUDE BEVERETTE, *Appellant,* v. ANNIE GRAHAM, and her husband, THADDEUS GRAHAM, ABNER BURTON and JULIUS BURTON and his wife, MRS. JULIUS BURTON, *Appellees.*

En Banc.

On Rehearing.

Opinion filed July 7, 1931.

*F. W. Marsh,* of Pensacola, for Appellant;

*William Fisher,* of Pensacola, for Appellees.

PER CURIAM.—Opinion was filed in this case on March 5, 1931, in which the decree appealed from was reversed and the cause remanded with leave to the complainant to bring a new suit without prejudice.

On motion, rehearing was granted and thereafter appellant submitted further brief which has been considered, together with the record and former briefs submitted.

Nothing in the previous opinion which is here reaffirmed

should be construed as a holding by this Court that a bill of complaint sworn to by the solicitor and not by the complainants, for the partition of real estate, renders a final decree based thereon void to the extent that the decree may be collaterally attacked, even by defendants who are brought in as parties to such suit by constructive process based on such bill. It has been held that a court may possess jurisdiction of a cause, of the subject matter, and of the parties, but that it is still limited in its mode of procedure and in the extent and character of its judgment which may not be rendered in violation of the prescribed modes of procedure, as against those who raise proper and timely objections to the decree when so made. Johnson v. McKinnon, 54 Fla. 221, 45 So. 23.

It is now ordered and adjudged that the opinion and judgment of this Court reversing the cause and remanding the same filed in this cause of March 5, 1931, be and the same is now affirmed. It is so ordered.

Reversed and remanded.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part) :

Upon further consideration of this case, I am inclined to the view that we were in error in our former holding. I concur with Justice Davis that the defect in the verification was not jurisdictional. But I go farther. The Statute is remedial and should be liberally construed. Equity courts had jurisdiction of suits for partition before the statute was enacted. I do not think a defective verification of the bill should be held to be more than a procedural irregularity which did not affect the power of the Court to proceed with the case. The court could have had this

error corrected later, if objections had been raised, and the failure to object amounted to a waiver·of the defect.