437 So.2d 781 (1983)
Herbert HERNANDEZ, Appellant,
v.
Deputy WARD, Deputy Sheriff of Pinellas County, Appellee.
No. 82-1695.
District Court of Appeal of Florida, Second District.
September 16, 1983.
Herbert Hernandez, pro se.
Carol Abernathy, County Atty., Clearwater, for appellee.
PER CURIAM.
The appellant, Herbert Hernandez, challenges the trial court's order denying his motion for a preliminary injunction. He contends that he was denied due process because he was not given notice of the scheduled hearing on his motion. We agree and reverse.
On March 1, 1980, the appellant's residence was searched pursuant to a valid search warrant. Among the items seized were one pound of marijuana, twenty-one photographic slides, and one roll of undeveloped camera film. Subsequently, the appellant was convicted of possession of marijuana, sale of marijuana, and possession of methaqualone. Thereafter, the appellant filed an action in replevin seeking the return of his photographic slides and roll of undeveloped film from appellee, Deputy Ward, of the Pinellas County Sheriff's Department.
*782 In response to the appellant's replevin action, appellee filed a motion to dismiss alleging that the slides were pornographic and were being retained as evidence for possible additional criminal charges. The roll of film was likewise retained in order to determine whether it also was pornographic. Thereafter, the appellant sought a preliminary injunction to prevent appellee from developing the roll of film on the ground that it could not be pornographic since it was only an undeveloped roll of film, the possession of which violates no law.
The appellant's motion for preliminary injunction and appellee's motion to dismiss were scheduled for hearing on January 12, 1982. Neither party received notice of this hearing. The trial court in an order dated May 26, 1982, dismissed both motions nunc pro tunc January 12, 1982, on the ground that neither party appeared at the hearing. It is from this order that the appellant brings this appeal.
It is fundamental that no state shall deprive any person of property without due process of law. U.S. Const. amends. X and XIV; Fla. Const. art. I, § 9; Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, reh'g denied, 409 U.S. 902, 93 S.Ct. 180, 34 L.Ed.2d 165 (1972). Essential to the requirement of due process is notice reasonably calculated under the circumstances and an opportunity to be heard. Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Quay Development, Inc. v. Elegante Building Corp., 392 So.2d 901 (Fla. 1981); Millstream Corp. v. Dade Cty., 340 So.2d 1276 (Fla. 3d DCA 1977).
Parties in a civil matter are not always entitled to a hearing; rather, they must be given an opportunity to be heard, e.g., by appropriate motions and memoranda. Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Millstream Corp. v. Dade Cty. If a hearing is appropriate in a particular case, then the parties must be given notice. The notice must state the time and place of the hearing and must sufficiently advise the parties of the charge or claim against them. Hinely v. Wilson, 91 Fla. 815, 109 So. 468 (1926); Knapp v. State, 370 So.2d 38 (Fla. 3d DCA 1979).
In the instant case, the trial court denied the appellant's preliminary injunction and appellee's notice to dismiss based upon the failure of the parties to appear at the hearing. It is undisputed that neither party received notice of the scheduled hearing. When a trial court determines that a hearing is appropriate to the case, as in the case sub judice, due process guarantees notice of the time and place of the hearing. Mullane; Knapp. Therefore, the trial court erred in failing to give the parties requisite notice of the scheduled hearing prior to rendering his order on May 26, 1982.
Accordingly, we reverse and remand with instructions that a full hearing be accorded to the parties after providing them with sufficient notice of the time and place of the scheduled hearing.
REVERSED and REMANDED.
OTT, C.J., and DANAHY and SCHOONOVER, JJ., concur.