THOMPSON, Judge.
This is an appeal from a non-final order granting appellee a writ of possession. Appellant contends the trial court abused its discretion in granting appellee’s ex parte motion for a writ of possession and that granting the ex parte motion for a writ of possession violated appellant’s constitutional due process rights. We agree and reverse.
Omni Quip of Jacksonville, II, Inc. (Omni II) purchased a business called Omni-Quip Rentals & Sales from Milo Incorporated (Milo). As a part of the agreement, Omni II leased business premises from Milo. After entering in possession of the premises and conducting the business for a period of time, Omni II brought suit in circuit court against Milo for committing fraud in connection with the transaction by intentionally misrepresenting the sales performance of the business and by concealing liens that existed on the rental property and other assets. Milo filed a separate action in county court to evict Omni II from the premises because Omni II had failed to pay its July rent. Omni II filed an answer, affirmative defenses and a counterclaim to Milo’s eviction complaint. The county court transferred Milo’s action to circuit court and that court consolidated Omni II’s and Milo’s actions. Milo filed a motion to compel payment of rent but later withdrew the motion. Milo subsequently sought a writ of possession which the court granted. Omni II asked the court to reconsider its order granting the writ of possession or to grant a stay while Omni II appealed the decision. The court granted Omni II’s motion to reconsider and allowed Omni II to remain on the leased premises if it paid Milo the accrued rent. The order further provided if Omni II failed to make the rental payments within 5 days, Milo could apply for an ex parte order for a writ of possession. Omni II paid Milo the accrued rent with sales tax. Milo, however, filed an ex parte motion for writ of possession because Omni II failed to pay the five percent late fee which amounted to $800 plus $48 sales tax. The court granted Milo’s ex parte motion for writ of possession without notice to Omni II notwithstanding the fact that Omni II had paid all of the accrued rents plus sales tax due at that time.
*478 We find that it was an abuse of discretion by the trial court to enter an ex parte order granting a writ of possession to the landlord without notice to the lessee and without giving the lessee an opportunity to pay the late penalty and sales tax. The order authorizing the entry of an ex parte order in the event of default provided in part:
As a condition to remaining in possession of the subject leasehold premises, Defendant shall pay to Plaintiffs attorneys in escrow on or before November 1, 1988, a sum representing accrued rent for the months of July, August, September, October, and November, 1988, together with applicable sales tax thereon.
The order made no mention of the payment of a late fee. As required Omni II paid the five months rent together with the applicable sales tax. It obviously thought that it was complying with the order of the court or it would not have paid $21,200 only to be evicted without notice immediately thereafter. Under the circumstances, equity requires that Omni II be given notice of the hearing on the motion for writ of possession and afforded an opportunity to pay the late penalty and sales tax thereon. When the court proceeded ex parte to enter the order granting the writ of possession in this case, Omni II’s due process rights were violated because it was not given notice and an opportunity to be heard. Hernandez v. Ward, 437 So.2d 781 (Fla. 2d DCA 1983).
The order granting the motion for issuance of a writ of possession is REVERSED and this cause is REMANDED for further proceedings consistent with this opinion.
JOANOS and ZEHMER, JJ., concur.